**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0348n.06

**No. 12-5812**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Apr 08, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JAMES E. MAY, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY, MOORE, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   Defendant James May pleaded guilty to a charge of being a felon in possession of both ammunition and a firearm and was sentenced as an armed career criminal to 200 months in prison.  On appeal, May contends that the district court erroneously determined that he previously had been convicted of the three predicate offenses necessary to justify enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  May also submits that his 200-month sentence, although within the applicable Guidelines range, is unreasonable.  We find no merit to either contention and affirm the judgment of the district court.

According to reports from the Warren County (Tennessee) Sheriff's Department, May barged into a home in which the defendant believed his estranged wife was being hidden.  He kicked in a locked bedroom door and fired two shots into the room, striking a

resident of the house in the shoulder and in the eye. Two days later, a Warren County sheriff's deputy saw the defendant standing outside another residence and attempted to arrest him on outstanding warrants. As adduced in the amended factual basis submitted to the district court in support of May's guilty plea:

> The defendant fled on foot through a wooded area. After a short chase, he was caught and arrested. A search of the defendant revealed two .22 caliber rounds of ammunition in his pocket. [The sheriff's deputy] retraced his route and found a .22 caliber pistol on the ground near where the defendant fell in his attempt to flee.
>
> The pistol, a Phoenix Arms .22 caliber handgun, was manufactured outside the state of Tennessee. It was loaded with 9 rounds of .22 caliber ammunition. Prior to [that date], the defendant had sustained a felony conviction.

The defendant admitted that he was in fact guilty of being a felon in possession of ammunition and a firearm, and the district court accepted his plea. At the sentencing hearing, however, the defendant vigorously denied that he was subject to extended incarceration as an armed career criminal.

In pertinent part, 18 U.S.C. § 924(e) provides that a felon-in-possession who has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another" shall be subject to enhanced punishment. Furthermore, 18 U.S.C. § 924(e)(2)(B)(ii) defines the term "violent felony" to include the crime of burglary. Although May readily acknowledges that his conviction for "burglary other than a habitation" on January 23, 1990, can be used as one predicate offense in an armed-career-criminal

calculus, he insists that only one of his two additional convictions for "burglary other than a habitation" for which he was arrested on January 30, 1990, can be added to the tally. According to May's argument, he was arrested for burglaries of the Centertown Market and of Bell's Grocery on the same day, and he received concurrent sentences for the two crimes in single sentencing proceeding. Thus, he insists, the crimes cannot be considered to have been committed on different occasions, as is required by the provisions of the Armed Career Criminal Act.

Although the two January 30 burglaries were committed on the same day, under Sixth Circuit precedent we must treat the two crimes as separate offenses for armed-career-criminal purposes. In *United States v. Brady*, 988 F.2d 664 (6th Cir. 1993), we held, sitting *en banc*, that "offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *Id.* at 669.

The record establishes that on January 30, 1990, May and an accomplice "entered the Centertown Market in Warren County and stole more than 60 cartons of cigarettes and more than $100 in coins." The defendant and the same accomplice then "burglarize[d] Bell's Grocery in Warren County, stealing beer, rolling papers, two sacks of pennies, about $800 in quarters, and one bank bag." Indisputably, those two offenses were committed by May "at different times and places and against different victims." Consequently, *Brady*

- 3 -

mandates that we treat the two offenses not as a single crime spree, but rather as calculated decisions to complete one crime and then embark on another. The district court thus did not err in determining that May had three, not just two, predicate burglary convictions that would support application of the Armed Career Criminal Act to his sentencing determination.

Applying the armed-career-criminal provisions of Section 4B1.4 of the United States Sentencing Guidelines to May's situation, the district court, in agreement with both defense counsel and counsel for government, determined that the defendant was subject to sentencing within a range of 188-235 months. Rejecting both the government's request for a sentence in the middle of the range and the defendant's request for a downward variance from the range, or at least sentencing at the low end of the range, the district court imposed a prison sentence of 200 months. May now contends that the sentence is unreasonable.

As has been well-established, we review a district court's imposition of a sentence for reasonableness, using a deferential abuse-of-discretion standard. *See United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008). Such review "has both a procedural and a substantive component." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. A review for substantive reasonableness "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir.), *cert. denied*, 133 S.Ct. 366 (2012). Furthermore, "we may apply a rebuttable presumption of reasonableness to sentences within the Guidelines," *Pearce*, 531 F.3d at 384, and may not reverse a district court's sentencing determination simply because we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51.

May initially argued for a downward variance from that applicable sentencing range, emphasizing his extensive history of mental illness, his prior employment history, and the fact that the three violent felonies that served as the bases for his enhanced sentence were committed more than 20 years earlier. The district court denied that request based upon "the violence in Mr. May's past conduct[,] . . . to reflect the seriousness of this offense and provide just punishment for this offense . . . [, and] to protect the public from further crimes of the defendant." We find no abuse of discretion in the district court's determination that those factors militated against varying from the established Guidelines range.

Nor was the court's ultimate sentencing determination unreasonable – either in the procedural or the substantive sense. First, the district court properly calculated the Guidelines range with which both the defendant and the government agreed. Second, the district judge considered arguments advanced by May for imposing a sentence below the Guidelines range, thus clearly indicating his recognition that the suggested range was not mandatory. Third, although the district court's discussion of its evaluation of the § 3553(a) factors is not necessarily a model to be emulated by other courts, the district judge did offer some explanation of his rationale for the sentence imposed. He made mention of the applicable factors set forth in 18 U.S.C. § 3553(a) to support his determination, and went so far as to note specifically the need for May to be placed in a correctional facility "adequate to address his medical needs," and to recommend "that the defendant receive substance abuse and mental health evaluation and treatment while in the custody of the Bureau of Prisons."

The 200-month sentence is also substantively reasonable. The district court did not arbitrarily select a period of incarceration, but instead, took into account the violent nature of many of May's criminal acts, the need to deter such conduct in the future, and the need to protect the general public from such wanton aggression. The defendant has failed to overcome the presumption that this within-Guidelines sentence was reasonable.

We conclude that the district court properly sentenced May as an armed career criminal, and that the 200-month sentence imposed upon the defendant was both

procedurally and substantively reasonable.  We thus AFFIRM the judgment of the district

court.